### HARPER v. HESTERLEE.

GILBERT, J. 1. The verdict is supported by evidence.

2. The only ground of the motion for a new trial, other than the general grounds, complains that the court erred in not continuing the case. This ground was not approved by the court. On the contrary the court certifies that there was no motion made for a continuance at the time of the trial of the case. It follows that this ground of the motion is without merit. *Judgment affirmed. All the Justices concur.*

No. 4208. MAY 15, 1924.

Equitable petition. Before Judge Roop. Carroll superior court. January 10, 1924.

P. H. Hesterlee filed a petition praying that S. H. Harper be restrained from going upon certain land and interfering with the tenants of petitioner or his right of possession, and from bringing or prosecuting any action in regard to the same until the title to the land could be passed upon by the court; and that petitioner's

title be established by decree. As originally filed the petition alleged that both parties claimed under Lindsey Harper, father of the defendant; that on November 12, 1908, Owen Harper, a brother of·the defendant, made a deed conveying to the defendant "25 acres of land lying and being in the southwest corner of lot of land No. 81 in the 2nd district and 3rd section of Carroll County;" that petitioner immediately went into possession of the land, including a house and barn; that no question as to petitioner's right of possession arose until July, 1919, when S. H. Harper, who believed and understood that the land was owned by a negro named Clem, claimed that the house and barn was his property, and, without notice to petitioner, made a demand that Clem vacate the same; that in October, 1919, the defendant sued out an injunction against Clem, who was a tenant of petitioner, praying that he be allowed to dispossess Clem and collect rent; that in 1920 defendant· sued out a dispossessory warrant against Staples, another tenant of petitioner; that petitioner had defended the suit for injunction and had filed counter-affidavit and two bonds for Staples, but the defendant was threatening to take possession of the house, barn, and a portion of the cultivated land, and to cut down the trees around the house; that, with these threats being made and proceedings brought by defendant, petitioner is unable to procure a tenant who will stay upon the land; and that the injury to petitioner will be irreparable and incapable of calculation. The jury found for the plaintiff the injunction as prayed. The judgment of the trial court was reversed. *Harper* v. *Hesterlee,* 152 *Ga.* 251 (109 S. E. 902).

Subsequently, by amendments the plaintiff set up that in 1901, "by an agreement of all the heirs of Lindsey Harper, this lot of land No. 81 was divided into eight· equal parts of 25 acres each, by first running the middle line east and west between the two halves of the lot, and then dividing each half into four tracts of 25 acres each running north and south;" that the defendant and petitioner's predecessor in title had agreed upon the lines of the particular twenty-five acres as including ·the house, barn, and ground in dispute; that petitioner and his predecessor had been in possession of the land involved, in accordance with the agreement, for more than twenty years, and petitioner had held possession under his deed for more than ten years, and this possession had

been acquiesced in by the defendant; that since the granting of the injunction the defendant had cut from the land, timber of the value of $500, and had harassed, annoyed, and driven off the tenants of petitioner; that the house had been dynamited and fired into; and that because of the cutting of the timber and loss of rent petitioner had suffered damage to the extent of $200, for which he prayed judgment. The answer of the defendant set up that on May 14, 1919, the parties made a parol agreement "that they would take plaintiff's deed . . as a guide, and that the lines around said tract of land should be and were in accordance with the terms of said deed, and said lines around said tract were then and there run by O. B. Pearce, county surveyor, in accordance with said contract, understanding, and agreement, said plaintiff then and there stating that all he wanted was what his deed called for;" that the deed correctly described the land; and that petitioner was bound by the survey mentioned. On the second trial the jury found for the plain-. tiff "the lines contended for by him, and $100 for damage for timber cut off of the land." The defendant's motion for a new trial was overruled, and he excepted.

The only special ground of the motion for a new trial complains of the refusal of the court to grant a continuance. It is stated that on Saturday before the trial of the case on Tuesday, the defendant employed Mr. Holderness to assist in the trial; that on the same day his attorney asked to be relieved, on the ground that he had to attend the Court of Appeals; that defendant declined to relieve him; that on the day of the trial counsel who had tried the case previously, without notice to defendant, withdrew from the same; that Mr. Holderness was absent, attending the Court of Appeals; that the situation was stated to the court, who directed defendant to employ other counsel, and that this was done as a jury was being stricken by plaintiff's counsel. The approval of the court was appended to the motion for a new trial in the following language: "The recitals in the foregoing amendment as to what occurred out of my presence is not approved, as there was no evidence as to same on the trial of the case, nor any motion to continue or postpone the case. My information is that one of movant's attorneys [named] withdrew from the case several weeks before the trial, and so notified him. His other counsel who represented him on two former trials withdrew several days before the trial. When

Mr. Holderness asked for leave of absence he stated to me that movant had spoken to him about the case, but that he would not represent him on the trial. I [he] did not ask for leave of absence as to that case. Movant asked me on the day before the trial about continuing the case on account of absence of Mr. Holderness, stating that his other attorneys had withdrawn; and I told him what had occurred between me and Mr. Holderness, and that I would not continue the case for Mr. Holderness. Movant further stated to me that he hadn't paid Mr. Holderness anything, and no amount had been agreed on; that he had talked with his secretary. Beall & Smith appeared for him on the trial, made no motion for continuance, and movant was well represented, getting a verdict more favorable to him than on former trial. With these modifications said amendment is approved."

*S. Holderness,* for plaintiff in error.

*J. S. Edwards* and *Boykin & Boykin,* contra.